IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARCIA L. LANING, et al., :

    Plaintiffs, :

    v. :    Case No. 3:14-cv-24

BRIAN DOYLE, et al., :    JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY SUSTAINING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. #12); OVERRULING AS MOOT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #4), AND DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #13); PLAINTIFFS TO FILE AMENDED COMPLAINT WITHIN 10 DAYS OF THE DATE OF THIS DECISION AND ENTRY

---

Plaintiffs Marcia and Franklin Laning filed suit against Officer Brian Doyle, Police Chief Robert Schommer, and the City of Huber Heights, Ohio, alleging numerous claims arising out of Officer Doyle's January 3, 2013, traffic stop of 63-year old Marcia Laning. This matter is currently before the Court on three pending motions: (1) Defendants' Motion for Judgment on the Pleadings (Doc. #4); (2) Plaintiffs' Motion for Leave to File Amended Complaint (Doc. #12); and (3) Defendants' Motion to Strike Plaintiffs' Response to Defendants' Motion for Judgment on the Pleadings (Doc. #13).

After Defendants filed their Motion for Judgment on the Pleadings, Doc. #4, Plaintiffs filed their Response, Doc. #11, along with a Motion for Leave to File Amended Complaint, Doc. #12. Plaintiffs' Response to the Motion for Judgment on the Pleadings is focused entirely on the proposed Amended Complaint, which attempts to cure many of the deficiencies cited by Defendants. The proposed Amended Complaint also seeks to add a John Doe defendant, and asserts several new causes of action.

Defendants moved to strike Plaintiffs' Response, arguing that it is "inappropriate to use the unfiled Amended Complaint allegations as a basis to oppose the Motion for Judgment on the Pleadings filed on the original Complaint." Doc. #13, PageID#129. In the alternative, Defendants ask that, if the Court allows Plaintiffs to file the proposed Amended Complaint, Defendants be given the opportunity to file a Motion for Judgment on the Pleadings with respect to that document.

Federal Rule of Civil Procedure 15(a)(2) states that a court should freely give leave to amend when justice so requires. Leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In their Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint, Doc. #16, Defendants first argue that it would be prejudicial to allow

2

Plaintiffs to file an Amended Complaint, given that Defendants will have to commit significant resources to addressing numerous deficiencies in the proposed Amended Complaint. The mere fact that Defendants may have to engage in an additional round of motion practice is insufficient grounds to deny Plaintiffs' motion for leave to amend.[1] *See Morse v. McWhorter*, 290 F.3d 795, 801 (6th Cir. 2002). In addition, at this juncture, any prejudice is slight. Discovery has been stayed, and the claims asserted in the proposed Amended Complaint are intricately related to those previously asserted.

Defendants also argue that allowing Plaintiffs to file the proposed Amended Complaint would be futile because it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). They cite to numerous alleged deficiencies in the proposed Amended Complaint. Some, but not all, of Defendants' arguments appear to be meritorious. However, Plaintiffs have failed to file a reply brief within the time allotted, so the Court lacks the benefit of the opposing view.

The Court makes no determination at this time concerning the viability of each of the specific claims asserted in the proposed Amended Complaint. Suffice it to say that, at this juncture, one or more of the claims asserted appears

---

[1] The Court notes that Defendants have *already* addressed the alleged deficiencies in the context of their 17-page Memorandum in Opposition to Plaintiffs' Motion for Leave to Amend Complaint.

3

sufficient to withstand a Rule 12 motion.[2] Therefore, it would not be futile to allow Plaintiffs to file the proposed Amended Complaint.

For the reasons set forth above, the Court SUSTAINS Plaintiffs' Motion for Leave to File Amended Complaint (Doc. #12). Plaintiffs shall have ten (10) days from the date of this Decision and Entry to file the Amended Complaint. Defendants may thereafter re-assert their arguments in an appropriate Rule 12 motion.

The Court OVERRULES AS MOOT Defendants' Motion for Judgment on the Pleadings (Doc. #4), and Defendants' Motion to Strike Plaintiffs' Memorandum Opposing the Motion for Judgment on the Pleadings as to the Initial Complaint (Doc. #13).

---

[2] For example, Count 2 of the proposed Amended Complaint alleges that Officer Doyle used excessive force. The Court rejects Defendants' argument that the factual allegations are insufficient to state a claim upon which relief can be granted. Plaintiffs allege that, immediately after Mrs. Laning stepped out of her car, Officer Doyle pointed his Taser at her and threatened to use it. Doc. #12-1, ¶¶31-32. Even though she offered no resistance and posed no safety risk, he "charged toward her and forcibly jerked her arms behind her back," "yanked her up off her feet, and slung her toward the cruiser, slamming her up against its hood with her feet still up off the ground," and "pressed his whole body weight" against her, causing physical injuries. *Id.* at ¶¶33, 35-36, 40.

The alleged conduct, accepted as true and viewed in a light most favorable to Plaintiffs, see *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012), appears sufficient to state a claim of excessive force, particularly in light of the fact that Mrs. Laning was pulled over for only a minor traffic violation. *See Graham v. Connor*, 490 U.S. 386, 396 (1999) (setting forth factors to be considered in determining whether the use of force was objectively reasonable). Moreover, because individuals who pose no safety risk to the police have a clearly established right to be free from gratuitous violence during arrest, *Shreve v. Jessamine County Fiscal Court*, 453 F.3d 681, 688 (6th Cir. 2006), it does not appear that Officer Doyle would be entitled to qualified immunity on this claim.

4

Date: June 20, 2014

_/s/ Walter H. Rice_
WALTER H. RICE
UNITED STATES DISTRICT JUDGE