# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARCIA L. LANING, *et al.*,            :

    Plaintiffs,                             :    Case No. 3:14cv00024

vs.                                                  :    District Judge Walter Herbert Rice
                                                                      Chief Magistrate Judge Sharon L. Ovington

BRIAN DOYLE, *et al.*,                  :

    Defendants.                           :

# ORDER

    The case is before the Court upon Plaintiffs' Motion for Protective Order and to Quash Subpoena of Plaintiff Marcia Laning's Psychologist's Notes (Doc. #47), Defendants' Memorandum in Opposition and Motion to Compel (Doc. #50), and the record as a whole.

    Plaintiff Marcia Laning (Plaintiff) seeks an Order allowing her to maintain the confidentiality of her psychologist's records, including her "very private session notes ...." (Doc. #47, *PageID* at 480). Plaintiff contends that the filing of a civil action does not automatically result in a waiver of the psychotherapist-patient privilege. She further contends that she has a compelling privacy interest in maintaining the confidentiality of the records at issue to avoid embarrassment and to prevent a chilling effect that would result "if Defendants are allowed unbridled discovery of sensitive information in this case." *Id*.

    Plaintiff alternatively asks the Court to conduct an in camera review of the materials

at issue so that "her claims of privilege and irrelevance can be balanced against the opposing party's claims of relevance and need." *Id*.

Defendants maintain that the materials at issue are highly relevant and not privileged and, therefore, discoverable under Fed. R. Civ. P. 26(b)(1). Defendants point out that Plaintiff executed a release for these documents months ago, and she knew Defendants were seeking to obtain these records. Defendants argue that Plaintiff has waived any right she has to object to producing these materials. Defendants therefore seek an Order compelling Plaintiff to produce her psychologist's complete medical records with respect to Plaintiff. Defendants explain that the only document Dr. Ackerly has sent them in response to their requests for Plaintiff's medical records is a "treatment summary." They received this treatment summary by fax on August 4, 2015. (Doc. #50, *PageID* 507).

To best serve the case-management goals of this case, an in camera inspection of the Dr. Ackerly's treatment summary and complete medical records with respect to Plaintiff is warranted. *Cf. United States v. Zolin*, 491 U.S. 554, 569 (1989) (in camera review of potentially privileged documents is a "practice ... well established in the federal courts.").

**IT IS THEREFORE ORDERED THAT:**

1. **On or before October 25, 2015**, Plaintiffs shall produce to the Court for in camera inspection, without filing with the Clerk of Court, Dr. Ackerly's complete medical records with respect to Plaintiff Marcia L. Laning; and

2. **On or before October 25, 2015**, Defendants shall produce to the Court for in camera inspection, without filing with the Clerk of Court, a copy of Dr.

2

      Ackerly's "treatment summary," which Defendants received by fax on August 4, 2015.

October 8, 2015

                                        s/Sharon L. Ovington
                                             Sharon L. Ovington
                                    Chief United States Magistrate Judge